**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**WESTERN HERITAGE INSURANCE**
**COMPANY, a Foreign corporation,**

    **Plaintiff,**

v.                                                        **Case No.  8:08-cv-1477-T-30EAJ**

**RANDOLPH FARMS I CONDOMINIUM**
**ASSOCIATION, INC., et al.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss and Motion to Drop Defendants Raymond L. Heenan and Cynthia J. Heenan as Defendants from this Case (Dkt. #19), and Plaintiff's Response in Opposition to the Heenans' Motion to Dismiss and Drop Defendants From this Cause and Incorporated Memorandum of Law (Dkt. #21).  The Court, having considered the motion, response, memoranda, and being otherwise advised in the premises, concludes that Defendants' motions should be denied.

### Background

On July 31, 2008, Plaintiff Western Heritage Insurance Company ("Plaintiff") filed a Complaint for Declaratory Judgement (Dkt. #1) against Defendants Randolph Farms I Condominium Association, Inc. ("Randolph Farms"), Raymond L. Heenan, and Cynthia J.

Heenan (together, the "Heenans" or "Defendants").[1]  Plaintiff has alleged an action for declaratory judgment for the purposes of determining the rights and obligations, if any, relative to an insurance policy issued by Plaintiff to Randolph Farms.  Plaintiff alleges that the insurance policy does not provide coverage for defense or indemnity to Randolph Farms for the claims and alleged damages brought by the Heenans in an underlying state court action styled, *Heenan v. Divito, et al.*, Case No. 04005067CI-20, filed in the Sixth Judicial Circuit Court in and for Pinellas County, Florida (the "Underlying State Court Action").  Plaintiff alleges that it is currently providing Randolph Farms with a defense in the Underlying State Court Action subject to a reservation of rights and is incurring defense costs on behalf of Randolph Farms in defense of the Heenans' claims.

The Heenans seek to dismiss Plaintiff's Complaint for Declaratory Judgment pursuant to Fed.R.Civ.P. Rules 12, 19 and 21.  Defendants argue that dismissal is proper based on the following grounds:  (1) this Court lacks diversity jurisdiction; (2) removal of the underlying state court action is barred by 28 U.S.C. § 1446(b); and (3) Plaintiff's declaratory judgment action is premature because no settlement or trial has taken place in the Underlying State Court Action.  Defendants also argue that they should be dropped as Defendants based on the argument that they are not indispensable parties to this action.

---

[1] Plaintiff is a corporation organized and existing under the laws of the State of Arizona, with its principal place of business in Scottsdale, Arizona.  Randolph Farms is a Florida corporation.  The Heenans are Florida residents.

**Discussion**

**I.     Diversity Jurisdiction.**

The Heenans argue that this Court lacks jurisdiction on the theory that there is no diversity among the parties.  Specifically, Defendants argue that Plaintiff is a foreign corporation licensed to do business in Florida.  Defendants also argue that the State of Florida required Plaintiff to execute a "Service of Process Consent & Agreement Form OIR-C1-144" agreeing and consenting that actions may be commenced against it in any court having jurisdiction in any county in the State of Florida.  Based on Plaintiff's consent to service in Florida and possession of a license to sell insurance in Florida, Defendants argue that there is no diversity of citizenship in this case.

For purposes of ascertaining diversity jurisdiction, a corporation is a citizen of (1) its state of incorporation; and (2) the state where it has a principal place of business.  28 U.S.C. § 1332(c)(1).  Plaintiff is an Arizona corporation with its principal place of business in Scottsdale, Arizona.  All defendants in this action are residents of Florida.  Additionally, Plaintiff has claimed that the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and attorneys' fees and costs.  Accordingly, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

**II.    Removal barred by 28 U.S.C. § 1446(b).**

The Heenans argue that removal of the Underlying State Court Action is barred by 28 U.S.C. § 1446(b), since the Underlying State Court Action has been pending for over a year.

Defendants' argument does not appear to be relevant to the dismissal of the Complaint for Declaratory Judgment at issue. Plaintiff does not seek to remove the Underlying State Court Action. Rather, Plaintiff initiated a separate declaratory judgment action in this Court. Thus, Defendants' argument is misplaced.

## III. Premature.

The Heenans argue that this action has been brought prematurely based upon contractual language found in the relevant insurance policy between Plaintiff and Randolph Farms, which provides:

> A person or organization may sue us to recover on an agreed settlement or on a final judgment against an insured obtained after an actual trial; but we will not be liable for damages that are not payable under the terms of this Coverage Part or that are in excess of the applicable limit of insurance. An agreed settlement means a settlement and release of liability signed by us, the insured and the claimant or the claimant's legal representative.[2]

Defendants argue that Plaintiff is barred from bringing this action since no settlement or trial has taken place in the Underlying State Court Action.

Upon a review of the policy language, it appears that the quoted provision applies to a person or organization other than the Plaintiff, such as an insured, additional insured, or other interested third party. The language does not appear to bar Plaintiff from bringing a declaratory judgment action during the pendency of a liability action that has been brought against an insured. Accordingly, Defendants' motion to dismiss is denied.

---

[2] Exhibit "A" to the Complaint for Declaratory Judgment, Dkt. #1-2, Section IV - Commercial General Liability Conditions, Part 3.

**IV.    Indispensable parties.**

The Heenans also argue that they should be dropped as parties in the declaratory judgment action before this Court.  The Heenans assert that their presence is not necessary for a complete adjudication on the merits because they are not named insureds under the applicable insurance contract. Additionally, the Heenans contend that they should not be joined in this action in order to avoid multiple litigation of the same issues.

In opposition, Plaintiff argues that the Heenans are indispensable parties to this declaratory judgment action if they are to be bound by this Court's resolution of the coverage issues.

Fed.R.Civ.P. Rule 19(a) states, in pertinent part:

A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.[3]

Plaintiff has alleged an action for declaratory judgment for the purposes of determining the rights and obligations, if any, relative to an insurance policy issued by Plaintiff to Randolph Farms.  Plaintiff alleges that the insurance policy does not provide coverage for defense or indemnity to Randolph Farms for the claims and alleged damages brought by the Heenans in the Underlying State Court Action.  Plaintiff is currently

---

[3] Rule 19(a), Federal Rules of Civil Procedure.

providing Randolph Farms with a defense in the Underlying State Court Action subject to a reservation of rights and is incurring defense costs on behalf of Randolph Farms in defense of the Heenans' claims.

In the event the Heenans are successful in the Underlying State Court Action against Randolph Farms, then the Heenans may choose to sue Plaintiff in order to recover damages pursuant to a final judgment or settlement. In order to do so, the Heenans would have to file a separate action to determine whether Plaintiff would be liable for such damages under the insurance policy at issue. Such contingency leaves Plaintiff subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations. Accordingly, the Heenans' motion to drop is denied.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants' Motion to Dismiss and Motion to Drop Defendants Raymond L. Heenan and Cynthia J. Heenan as Defendants from this Case (Dkt. #19) is **DENIED**.

2. Defendants have twenty (20) days from the date of the entry of this Order to file an answer to the Complaint for Declaratory Judgment.

**DONE** and **ORDERED** in Tampa, Florida on November 18, 2008.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2008\08-cv-1477.mtd 19.wpd